IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANA R. NOONAN,                                Case No.

    Plaintiff,

v.                                                       JURY TRIAL DEMANDED

C.TECH COLLECTIONS, INC.
a/k/a C-TECH COLLECTIONS, INC.,

    Defendant.
_____/

COMPLAINT FOR DAMAGES WITH JURY TRIAL DEMAND

I.     INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq* (hereinafter "FCCPA"); these laws prevent debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, 1367, and Fla. Stat. § 559.77(1).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

III.     PARTIES

4. Plaintiff, DANA R. NOONAN (hereinafter "Plaintiff"), is a natural person who is domiciled in the county of Hillsborough, state of Florida, and is a "consumer" as that

term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Upon information and belief it is alleged that Defendant, C.TECH COLLECTIONS, INC. a/k/a C-TECH COLLECTIONS, INC. (hereinafter "C.tech" or "Defendant"), is a for-profit corporation, with its principal place of business located at 5505 Nesconset Highway, Suite 200, Mount Sinai, New York 11766, and is registered under New York City Department of Consumer Affairs' License #0980854; it is alleged that Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6), as, in the regular course of its business, it collects or attempts to collect debts owed or due or asserted to be owed or due another, and is also an "out-of-state consumer debt collector," as that term is defined by Fla. Stat. § 559.55(8) as its business activities in this state involve collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state.

IV.     F<small>ACTUAL</small> A<small>LLEGATIONS</small>

-February 16, 2011-

6. On or about February 16, 2011 Plaintiff received a call from a female representative of Defendant named "Jeannie."

7. Jeannie was calling to collect a defaulted debt originally owed to Bay Area Physicians Surgery Center, which was incurred for Plaintiff's personal, family, or household purposes.

8. Plaintiff explained to Jeannie that she was currently paying Bay Area Physicians Surgery Center.

9. Jeannie told Plaintiff that she needed to pay more than $10.00 per month.

10. Plaintiff explained that all that she could afford to pay was $10.00 per month.

11. In response, Jeannie began speaking rudely to Plaintiff which caused Plaintiff to end the call.

-March 30, 2011 Phone Call-

12. On or about March 30, 2011 Plaintiff received another call from Jeannie.

13. Jeannie informed Plaintiff that Defendant C.tech "pulled [Plaintiff's] credit" and that Defendant can see that Plaintiff has "available credit" and Plaintiff needed to pay the full balance due.

14. Plaintiff advised Jeannie that she did not have any available credit and that her husband only has a few hundred dollars of available credit, which would soon be maxed out.

15. Plaintiff reminded the representative that she is currently in a payment plan with the creditor and that the creditor was accepting $10.00 per month.

16. Plaintiff stated that she was told by the creditor that, as long as she makes a payment each month, then she cannot be "taken to court," though she may stay "in collections."

17. Jeannie then told Plaintiff that $10.00 per month "isn't enough" and that Defendant will get a lawyer to collect this money and a lien would be placed on Plaintiff's home.

18. Plaintiff then began to explain to the representative Plaintiff's current financial situation regarding a large amount of debt, unemployment, medical bills, etc., and that she would be unable to pay more than $10.00 per month.

19. In response Jeannie said, "Well, we'll see you in court!"

20. Plaintiff became very upset and explained that she's been making payments with money that really should be going to food and that she hopes to have the means in the near future to simply pay the balance off.

21. Jeannie suggested to Plaintiff that she could send a letter explaining a medical hardship but that Defendant would proceed with a lawyer and put a lien on her home if Plaintiff did not pay the debt.

22. This upset Plaintiff tremendously as she became fearful that she would lose her home despite the fact that she was paying as much as she could afford to pay.

23. Plaintiff told Jeannie that she does not owe Defendant, she owes Bay Area Physicians Surgery Center, and she will continue to pay the agreed upon amount.

24. The call was ended with Jeannie stating to the effect that Plaintiff will soon be hearing from Defendant's lawyer.

-Common Allegations-

25. Defendant was attempting to collect a defaulted debt originally owed to Bay Area Physicians Surgery Center, and which was incurred for Plaintiff' personal, family, or household purposes, which was therefore a "debt" or "consumer debt," as those terms are defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

26. To date, a lawsuit has not been filed against Plaintiff regarding the underlying debt.

27. Plaintiff is a resident of the state of Florida and is entitled to all of the rights and protections afforded by the Florida Constitution and Florida statutes, including the constitutional homestead protection against creditors.

28. It is alleged that Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

29.     All acts or omissions of the employees/agents of Defendant were performed within the scope of their respective employment/agency, thus subjecting Defendant to vicarious liability for these acts under the doctrine of *respondeat superior*.

30.     It is alleged that Defendant C.Tech has engaged in activity to collect or in attempts to collect consumer debts in this state without first registering in accordance with Fla. Stat. § 559.553, in violation of the FCCPA and the FDCPA.

31.     Defendant's threats to bring legal action when it did not have the intention to file a lawsuit against Plaintiff were violative of the FDCPA and FCCPA.

32.     Defendant's threats to bring legal action when it does not have the ability or right to file a lawsuit against Plaintiff were violative of the FDCPA and FCCPA.

33.     As a result of Defendant's acts or omissions Plaintiff suffered from stress and fear of losing her family's home.

V.     <u>CLAIMS FOR RELIEF</u>

-Count I-<br/>
<u>Violations of the Federal Fair Debt Collection Practices Act</u>

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33.

34.     The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d generally, 1692e generally, 1692e(4), 1692e(5), 1692e(10), and 1692f generally.

35.     As a result of the above violations of the FDCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

-Count II-
Violations of the Florida Consumer Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33.

36. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, Fla. Stat. §§ 559.72(7) and 559.72(9).

37. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA and FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

VI. RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against Defendant for the following:

a. Equitable relief in the form of a Declaratory Judgment that Defendant's acts constituted violations of the FDCPA and FCCPA, pursuant to Fla. Stat. § 559.77(2);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

d. Punitive damages, pursuant to Fla. Stat. § 559.77(2);

e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2); and

f. Such other and further relief that this Court may deem just and proper.

Respectfully submitted,

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
don@brandonlawyer.com
Joseph B. Battaglia, Fla. Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 Oakfield Drive, Suite A
Brandon, Florida 33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

/s/ Joseph B. Battaglia
Joseph B. Battaglia, Fla. Bar No. 0058199